IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 2:12-CR-212-VEH-RRA |
| ) | |
| PAULETTA ELAINE GORDON, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

This action is before the court on Defendant's Motion To Suppress, doc. #15, filed June 5, 2012, and Defendant's Motion To Dismiss Indictment, doc. #19, filed on June 18, 2012.

Following a hearing conducted on June 14, 2012, the Honorable Robert R. Armstrong, Jr., United States Magistrate Judge, entered his Report recommending that Defendant's Motion To Suppress be denied (*see* doc. no. 20: Report and Recommendation entered June 19, 2012).  On June 21, 2012, Judge Armstrong entered his Report recommending that Defendant's Motion To Dismiss Indictment be denied (*see* doc. no. 22; Report and Recommendation entered June 13. 2012).

Judge Armstrong first recommended that Defendant's Motion To Suppress be denied, based on the decision rendered in *Brown v. Texas*, 443 U.S. 47, 51 (1979).

Judge Armstrong specifically found that "Officer Anderson had reasonable suspicion for stopping this Defendant and asking for identification." Alternatively, Judge Armstrong found that information related to Defendant's identity is not suppressible. *United States v. Farias-Gonzalez*, 556 F. 3d 1181 (11th Cir. 2009).

Judge Armstrong also recommended that Defendant's Motion To Dismiss The Indictment be denied, finding that Defendant's arrest by state officers for a different violation of law did not trigger the time limit expressed in the Speedy Trial Act, 18 U.S.C. § 3161(b). This analysis is correct. *See United States v. Phillips*, 569 F. 2d 1315 (5th Cir. 1978).[1]  No party has objected to either Report, and the deadline for objections has expired. Having carefully considered Defendant's Motions, the transcript of the suppression hearing, and the Reports of Magistrate Judge Armstrong, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the reports are hereby **ADOPTED** by the court, and their recommendations are **ACCEPTED**.  It is further **ORDERED** that Defendant's Motion To Suppress and Motion To Dismiss The Indictment be, and the same hereby are, **DENIED**.

---

[1] In *Bonner v. City of Pritchard*, 661 F. 2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

**DONE** this the 10th day of July, 2012.

                                                 _____
                                                 **VIRGINIA EMERSON HOPKINS**
                                                 United States District Judge